IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Roberto LaChapel,** § | | |
| § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | Case No. _____ | |
| § | | |
| **Brio Solar Energy LLC and Avolta Power. Inc.,** § § | **Jury Demand** | |
| § | | |
| *Defendants.* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff ROBERTO LACHAPEL ("Plaintiff" or "Mr. LaChapel"), by and through his counsel, complains of his former employer, Defendant BRIO SOLAR ENERGY, LLC ("Brio"), which was acquired and merged into the operations of AVOLTA POWER, INC. ("Avolta") (collectively "Defendants"), and hereby alleges as follows:

### I. PRELIMINARY STATEMENT

Mr. LaChapel brings this action against his former employer Defendant Brio (now Avolta) under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 because of Brio's discrimination against Mr. LaChapel on the basis of race and for hostile work environment and unlawful retaliation. As alleged below, Defendant Brio subjected Mr. LaChapel to a hostile work environment based on his race and, among other things, constructively terminated his employment in retaliation for his complaining about Brio's unlawful business practices against potential customers of Indian and Pakistani descent.

## II. PARTIES

1. Plaintiff Roberto LaChapel is a black male citizen of the United States and a resident of the City of Irving, Dallas County, Texas. Mr. LaChapel was employed by the Brio at all times relevant to the allegations set forth in this Complaint.

2. Defendant Brio Energy, LLC is a Utah limited liability company. Brio maintains a principal place of business and operations center at 1815 S State Street, Suite 310, Orem, Utah 84097 and, at the time of the events giving rise to this lawsuit, regularly conducted business in the state of Texas. Brio is not currently registered to do business in the State of Texas, it does not currently maintain a place of regular business in Texas, and currently has no designated agent in Texas on whom service of process may be made in this cause. As further set forth below, however, Brio engaged in business in Texas by, among other things, hiring employees in Texas and selling solar panels in Texas, and otherwise availing itself of the benefits of Texas law. Accordingly, Brio is subject to service of process to appear and answer this lawsuit in Texas under Section 17.041 et seq. of the Texas Civil Practice and Remedies Code and Section 5.252 of the Texas Business Organizations Code. <u>Service of process on Defendant Brio may be made by serving process on THE TEXAS SECRETARY OF STATE, including a duplicate copy of process to be served on Brio's REGISTERED AGENT in Utah, ADAM COOMER. Upon information and belief, ADAM COOMER may be served at his office located at 284 S. 550 E., Midway, UT 84049, or wherever he may be found.</u>

3. Defendant Avolta Power, Inc., successor in interest to Brio Solar Energy LLC, is a corporation organized and existing under the laws of Delaware. Defendant

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 2**

Avolta maintains a principal place of business and operations center at 1640 S. State St., Orem, Utah 84097 and regularly conducts business in the state of Texas and has continuously had at least 15 employees. <u>Defendant Avolta may be served with this complaint and citation by serving its REGISTERED AGENT for service of process, REGISTERED AGENTS INC., 5900 Balcones Drive, Ste. 100, Austin, TX 78731.</u>

4. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce, within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

### III. JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §2000e-5(f)(1) and (3) and §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

6. Venue is proper in the United States District Court for the Northern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claim occurred in the counties served by the Northern District of Texas.

7. All conditions precedent to the initiation of this lawsuit have been fulfilled.

### IV. ADMINISTRATIVE PROCEDURES EXHAUSTION

8. Mr. LaChapel filed a charge of employment discrimination against Brio with the District Office of the Equal Employment Opportunity Commission ("EEOC")

within 300 days of the last discriminatory act. A copy of the EEOC charge is attached hereto as **Exhibit "A"** and incorporated by reference as if fully set forth herein.

9. Mr. LaChapel received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated December 21, 2022, entitling him to institute a civil action within 90 days of the date of the receipt of said notice. A copy of the "Notice of Right to Sue" letter is attached hereto as **Exhibit "B"**.

### V. FACTS SUPPORTING THIS DISCRIMINATION LAWSUIT

10. Plaintiff incorporates the foregoing as if fully set forth herein.

11. Defendant Avolta (and previously Brio) are in the business of selling customized solar energy solutions to homeowners throughout Texas and in several other states.

12. Plaintiff Mr. LaChapel worked for Brio from September 1, 2020 until he was constructively discharged from his position on February 27, 2021.

13. Mr. LaChapel worked as an SP1 Sales Manager responsible for managing a team of salespeople who would act on leads generated by the company and work to sell Brio's solar solutions to potential homeowner customers. The process involves, among other things, speaking with potential customers, setting up an in-home sales presentation to assess the customers' needs and recommend an appropriate solar solution, demonstrate the benefits of the solar products offered by the company and the potential energy and costs savings the customer could anticipate reaping from the installation of their solar solutions.

14. Mr. LaChapel worked in and was responsible for the Dallas Fort Worth region (the "DFW Area") and he reported to Brio employees Taylor Switzer and Nicholas Randle.

15. Throughout his employment, Mr. LaChapel was restricted in the cities and neighborhoods in which he could focus his sales team. Moreover, he was not permitted to determine which sales leads he wanted to pursue in each area. Brio, through Mr. LaChapel's direct reports, would often communicate where Mr. LaChapel and his team were to set appointments. Indeed, Mr. LaChapel did not feel he had total discretion to have his salespeople wherever he saw fit.

16. In fact, at all times relevant to this lawsuit, Avolta (previously Brio) engaged in discriminatory practices in the sale of their solar panels in North Texas and expected its employees, including Mr. LaChapel to do the same. Specifically, Mr. LaChapel received directives from multiple levels of management in which he and his team were instructed not to sell to Southeast Asians, including Indians and Pakistani people.

17. By way of example, and not limitation, some of the text messages sent by Brio to Plaintiff which further evidence Brio's discriminatory practices include the following:

   a) Taylor Switzer text message thread with Mr. LaChapel dated Tuesday, December 22, 2020, attached hereto as Exhibit C:

> **Switzer**: "Adam [Coomer] wants you out of that Indian neighborhood. Says they won't close."
>
> **LaChapel**: "They're not Indian neighborhoods they're just who's giving up the info lol but ok"
>
> **Switzer**: "Hahaha that sounds insensitive. I apologize. But he said that will sit and talk with you and ask a bunch of questions and never answer."
>
> **Switzer**: "Never purchase *"
>
> **LaChapel**: "How the hell dis Jarret do it?"
>
> **LaChapel**: "Did"
>
> **Switzer**: "Did he sell an Indian guy?"
>
> **LaChapel**: "Yea! That was the same day to"
>
> **Switzer**: "Well idk! Just passing along the message."

b) Taylor Switzer text message thread with Mr. LaChapel dated Tuesday, December 22, 2020 at 8:49 p.m., attached hereto as Exhibit D:

> **Switzer**: "Also TBH all those deals that say where Indian, and it apparently was a hard close on all of them, very interesting deals they wouldn't want to buy on the first sit and they wanted to haggle and then not commit … they were very tough tough appointments for the reps. Irving area."
>
> **Switzer**: "From dealer manager."
>
> **LaChapel**: "Ok. I talked to nitro [Nicholas Randle] about it."
>
> **LaChapel**: "We'll adjust."

c) Taylor Switzer text message thread with Mr. LaChapel and Nicholas Randle, dated Thursday, January 7, 2021 through Friday, January 8, 2021, attached hereto as Exhibit E.

> **Switzer**: "Hearing a lot of the leads are still Pakistan customers. Thought we were going to stay away from these?"
>
> **LaChapel**: "New ones or left over?"
>
> **LaChapel**: "Actually Jeremiah had a new one for today at 3 pm. But he told me she's American."
>
> **LaChapel**: "And she's extremely interested."
>
> **LaChapel**: "He talked to her for 30 mins yesterday."
>
> **Switzer**: "Looks like first apt was but second isn't. He said the one yesterday was Indian too."
>
> **Switzer**: "My 6:00 said he has no idea about this appointment. He said his son's name is Ali. Basically his dad and mom have no idea that he made that appointment. And this was another Indian by the way. That's three Indians in a row for me."

> **Switzer**: "Just to let you know the entire area I was in was Indians."
>
> **Switzer**: "Notes from closers. Get your reps out of there or tell them to stop setting those apts please or our closers are going to quit."
>
> **LaChapel**: "Jeremiah?"
>
> **Randle**: "Yikes! Get them to Fort Worth."
>
> **Switzer**: "Those are notes on all 3 of his apts."
>
> **Switzer**: "All of them were Indians."
>
> **LaChapel**: "HEADED TO FTW TODAY!!!"
>
> **Switzer**: "Love it."
>
> **LaChapel**: "We're running into a shit ton of Indians here to. 2321 Ankina Ln, Forth Worth, TX 76131"
>
> **Randle**: "Move further south."

       d)      Taylor Switzer text message thread with Mr. LaChapel, dated Tuesday, January 19, 2021 at 9:31 a.m., attached hereto as <u>Exhibit F</u>:

> **Switzer**: "[Sending screenshot of customer of Indian descent] Still getting customers that we don't want to set apts with."
>
> **LaChapel**: "Our Indian prospects have gone way down."
>
> **Switzer**: "Well make it go all the way down."
>
> **LaChapel**: "You want me to tell them to walk away when it's an Indian family?"
>
> **Switzer**: "No idk what you them but the closers aren't wanting to sit those apts."
>
> **Switzer**: "Idk I guess they've to knock those doors but keep it down. Super racist to just walk away from their house just because their Indians. So just keep the apts down and it should be fine."

e)  Craig Albury text message thread with Mr. LaChapel, exchanged in January 2021, attached hereto as Exhibit G:

> **LaChapel**: "From Nitro's [Nicholas Randle's] boss ……. We can talk about it tomorrow, but will you please move your setters out of McKinney for the rest of the week?"
>
> **Albury**: "Lmfaoooo okay"
>
> **Albury**: "No mckinney or no Indians"
>
> **Albury**: "Because there's a ton of really nice shit out there it's just the Indians fwm mayne idk"

18. As a black man of Hispanic origin, Mr. LaChapel was appalled by Brio's egregious conduct against non-white potential customers. While Mr. LaChapel tried his best to endure these unlawful business practice during his time at Brio and eventually formally complained to management, nothing was done to address his strong reservations. Therefore, Mr. LaChapel was forced to quit (constructive termination) because he could no longer tolerate such discriminatory practices by this company and the hostile working environment that Brio promoted.

19. In sum, Brio did (and continues to) discriminate against potential customers based on their race and national origin. This caused Mr. LaChapel to be constructively discharged. This discrimination flowed from the very top of Respondent's management, including its owner Adam Croomer. Even worse, upon information and belief, the very same supervisor that instructed Mr. LaChapel to engage in such tactics, Taylor Switzer,

remains at Brio as its "Director of Sales Operations" with responsibilities to "Manage all of the Sales Operations" for Brio.

## VI.  CAUSES OF ACTION

### First Claim – Hostile Work Environment

20. Plaintiff incorporates the foregoing as if fully set forth herein.

21. Since at least December 2020, Brio has engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). These practices, which continued on a regular basis, included subjecting Plaintiff Mr. LaChapel to an offensive, abusive and hostile work environment on the basis of his race and ethnicity.

22. Brio's practice of discriminating against Indian and Pakistani potential customers caused Mr. LaChapel considerable distress and anxiety, particularly because the people targeted by the policy were not white and were people of color, similar to Mr. LaChapel.

23. Toward the end of his tenure, Mr. LaChapel raised his concerns about and objections to the discriminatory practice to multiple supervisors. Nevertheless, the practice persisted causing a discriminatorily hostile work environment for Mr. LaChapel.

24. The effect of the practices described above has been to deprive Mr. LaChapel of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race.

25. The unlawful employment practices described above were intentional.

26. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. LaChapel.

## Second Claim – Constructive Discharge and Retaliation

27. Plaintiff incorporates the foregoing as if fully set forth herein.

28. Since the as early as December 2020, and thereafter, Mr. LaChapel endured a workplace rife with discrimination directed toward Pakistani and Indian people. Almost daily, he was required to adhere to a discriminatory practice that excluded customers of Pakistani and Indian descent. He questioned multiple supervisors about the policy and complained about it. His complaints were futile. Brio continued to discriminate against Pakistani and Indian potential customers.

29. Unable to continue working under discriminatory conditions, Mr. LaChapel sent an email to Brio on February 26, 2021, writing, in relevant part:

> After our conversation this morning about my written concerns of discriminatory practices and policies that Brio promotes, I reflected on your statements which I thought appeared to show some care for my concerns. But I feel it is too little too late now. Specifically, I am extremely concerned by your contradictory statements. You said multiple times that you started working for Brio Solar Energy on Feb 1st of 2021. The fact is that I have multiple texts and emails (using aforesman@briosolarenergy.com) from you since before that time. It's now clear to me that you really only had your best interest in mind when we spoke. These practices have created untenable work conditions and a hostile work environment. No reasonable employee would be able to continue to work for a company that promotes unethical and likely illegal practices like these. Because you are not interested in remedying this matter, I am being forced to leave under constructive discharge for unfit work conditions. I am unconvinced that this company has any intention of changing or resolving these matters. I intend to seek legal counsel and hereby I reserve all my rights, including seeking damages for constructive discharge under applicable law.

30. The acts of Brio described above and the First Claim for Relief made Mr. LaChapel's working conditions so intolerable that a reasonable person would have felt compelled to resign. Mr. LaChapel felt compelled to resign and was constructively discharged on February 27, 2021.

31. The effect of the actions described above has been to deprive Mr. LaChapel of equal employment opportunities and otherwise adversely affect his status as an employee.

32. The unlawful employment practices complained of above were intentional.

33. The unlawful employment practices described above were done with malice or with reckless indifference to the federally protected rights of Mr. LaChapel.

## VII. REQUEST FOR ATTORNEYS' FEES

34. Plaintiff incorporates the foregoing as if fully set forth herein.

35. Plaintiff retained the undersigned attorney and law firm to prosecute these claims under Title VII against Avolta. Plaintiff, therefore, seeks his reasonable attorneys' fees, as well as any litigation expenses and costs, if and to the extent he prevails in this proceeding.

## VIII. CONDITIONS PRECEDENT

36. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## IV. DEMAND FOR JURY TRIAL

37. Plaintiff demands a trial by jury on all issues so triable.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Roberto LaChapel respectfully prays that the Defendants Brio and Avolta be cited to appear herein, and, on hearing hereof, the Court grant Plaintiff the following relief:

a. Lost earnings and employee benefits in the past;

b. Compensatory damages in the past (which may include mental anguish and other nonpecuniary losses);

c. Exemplary damages;

d. Front pay;

e. Reasonable and necessary attorney's fees;

f. Costs and prejudgment interest; and

g. Such other and further relief, both legal and equitable, to which Plaintiff may be justly entitled.

Date: March 15, 2023

Respectfully submitted,

*/s/ Nathanial Martinez*

**NATHANIAL L. MARTINEZ**
State Bar Number: 24074661
nmartinez@palterlaw.com

**PALTER SIMS MARTINEZ PLLC**
15443 Knoll Trail Dr., Ste. 100
Dallas, TX 75248
Tel.: (214) 888-3111
Fax: (214) 888-3109

**COUNSEL FOR PLAINTIFF
ROBERTO LACHAPEL**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Roberto LaChapel

**DEFENDANTS**
Brio Energy, LLC and Avolta Power, Inc.

**(b)** County of Residence of First Listed Plaintiff: Dallas County, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Utah County, Utah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nathanial L. Martinez, 15443 Knoll Trail Dr., Ste. 100, Dallas, TX 75248 (214) 888-3114

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 451, 1331, 1337, 1343 and 134

Brief description of cause:
Hostile Work Environment, Racial Discrimination, Unlawful Retaliation, Constructive Termination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** over $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: Mar 15, 2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Nathanial L. Martinez

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____